UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|---|---|---|---|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Olga Karasik | Ryan Chapman |
| Brian Green | |

**Proceedings:**   PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Dkt. 31, filed on SEPTEMBER 16, 2022)

## I.   INTRODUCTION

On May 18, 2021, plaintiffs FL PCM Holding LLC and Vahagn Martirosyan brought this action against Director of the California Service Center ("CSC") of the United States Citizenship and Immigration Services ("USCIS"), Donna P. Campagnolo; the Secretary of the Department of Homeland Security, Alejandro Mayorkas; Attorney General of the United States, Merrick Garland; Acting Director of the USCIS, Tracy Renaud; and Chief of the USCIS Administrative Appeals Office, Susan Dibbins (collectively, "defendants").

This action arises under the Administrative Procedure Act, 5 U.S.C. §701 et seq. Plaintiffs seeks to overturn defendants' administrative decisions which resulted in the denial of plaintiffs' petition for the non-immigrant L-1A Visa pursuant to 28 U.S.C. § 1361 on behalf of Martirosyan as the proposed beneficiary. Dkt. 1 ("Compl.") at ¶ 1.

On May 25, 2022, plaintiffs filed an amended complaint. Dkt. 18 ("FAC").

On September 16, 2022, plaintiffs filed the instant motion for summary judgment. Dkt. 31 ("Mot."). On October 17, 2022, defendants filed a responding brief. Dkt. 34 ("Opp."). On November 7, 2022, plaintiffs filed a reply. Dkt. 37 ("Reply"). On November 21, 2022, defendants filed a surreply. Dkt. 39 ("Surreply").

On December 19, 2022, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                'O'

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|---|---|---|---|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

## II.   BACKGROUND

### A.   Statutory Background

Under the Immigration and Nationality Act ("INA") §101(a)(15)(L), organizations can file a Form I-129 Petition for a Nonimmigrant Worker with USCIS on behalf of a beneficiary in order to classify the beneficiary as an intracompany transferee for extension of nonimmigrant status under certain circumstances.

INA §101(a)(15)(L) and its implementing regulation at 8 C.F.R. § 214.2(l)(l)(ii) state:

> "[A]n alien who, within 3 years preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive, or involves specialized knowledge . . ."

Under the INA, the organization must establish both that (1) it has a qualifying relationship with the foreign legal entity such as a parent subsidiary relationship and (2) the beneficiary is employed in a position that is primarily managerial or executive.

Regarding the executive or managerial position requirement, 8 C.F.R. § 214.2(1)(3) states, in part, that an individual petition filed on Form I-129 shall be accompanied by:

> (ii) Evidence that the alien will be employed in an executive, managerial, or specialized knowledge capacity, including a detailed description of the services to be performed.

INA § 101(a)(44)(B) and 8 C.F.R. 214.2(l)(l)(ii)(C) define the term "executive capacity" as an assignment within an organization in which the employee primarily-

> (i) directs the management of the organization or a major component or function of the organization;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|---|---|---|---|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

(ii) establishes the goals and policies of the organization, component, or function;

(iii) exercises wide latitude in discretionary decision-making; and

(iv) receives only general supervision or direction from higher level executives, the board of directors, or stockholders of the organization.

INA § 101(a)(44)(A) and 8 CFR § 214.2(1)(ii)(B) define "managerial capacity" as an assignment within an organization in which the employee primarily-

(i) manages the organization, or a department, subdivision, function, or component of the organization;

(ii) supervises and controls the work of other supervisory, professional, or managerial employees, or manages an essential function within the organization, or a department or subdivision of the organization;

(iii) if another employee or other employees are directly supervised, has the authority to hire and fire or recommend those as well as other personnel actions (such as promotion and leave authorization), or if no other employee is directly supervised, functions at a senior level within the organizational hierarchy or with respect to the function managed; and

(iv) exercises discretion over the day-to-day operations of the activity or function for which the employee has authority. A first-line supervisor is not considered to be acting in a managerial capacity merely by virtue of the supervisor's supervisory duties unless the employees supervised are professional.

Further, pursuant to INA § 101(a)(44)(C), staffing levels are a relevant factor in determining managerial and/or executive capacity:

If staffing levels are used as a factor in determining whether an individual is acting in a managerial or executive capacity, the Attorney General shall take into account the reasonable needs of the organization, component, or function in light of the overall purpose and stage development of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|----------|------------------------|------|-------------------|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

organization, component, or function, An individual shall not be considered
to be acting in a managerial or executive capacity (as previously defined)
merely on the basis of the number of employees that the individual
supervises or has supervised or directs or has directed.

**B.     The Parties**

Plaintiff Vahagn Martirosyan, the beneficiary of the intracompany transfer L-1A
Visa, is a Canadian citizen.  CAR at 649.  Martirosyan owns and operates three
Canadian-based companies: Advanced Cardio Diagnostics, ACD MED Diagnostics, and
ACD Med Holding.  Id. at 657, 678.

Plaintiff FL PCM Holding is an American-based subsidiary that is 49% owned by
ACD Med Holding and 51% owned directly by Martirosyan.  Id. at 657, 717.
Collectively, these companies are engaged in real estate development and medical
diagnostic services.  Id. at 678–79.

Defendants are charged by law with the statutory and regulatory authority to grant
or deny nonimmigrant L-1A status pursuant to 8 U.S.C. § 1101.

**C.     Administrative History**

In December 2019, FL PCM filed an I-129 petition on behalf of Martirosyan to
work in the United States as the Chief Executive Officer of FL PCM.  Id. at 647–52.
Plaintiffs submitted evidence in support of their petition, including a legal brief, a letter
from FL PCM's Chief Financial Officer, and a set of exhibits consisting of relevant
professional and corporate documents from Martirosyan, FL PCM, and the Canadian
companies.  Id. at 695–96.

On January 2, 2020, USCIS issued a Request for Evidence ("RFE").  Id. at 1170–
86.  Plaintiffs responded on March 13, 2020, with additional information, including
organizational charts for the foreign and domestic organizations, and employment
agreements, payroll documents, and job duties of company employees.  Id. at 1197–2276.

On March 31, 2020, USCIS denied the petition based on four separate grounds
that: (1) evidence was insufficient to establish that the foreign organizations engaged in
the "regular, systematic, and continuous provision of goods and/or services abroad"; (2)
evidence was insufficient to establish that the U.S. organization engaged in the "regular,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|---|---|---|---|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

systematic, and continuous provision of goods and/or services in the United States";[1] (3) evidence was insufficient to establish that Martirosyan was employed abroad in a position that was managerial or executive; and (4) evidence was insufficient to establish that Martirosyan's proposed job duties in the United States would be managerial or executive. Id. at 71–86.

With respect to Martirosyan's prior foreign employment, USCIS listed the evidence submitted by plaintiffs and the descriptions of the supplied job duties, but concluded that the "descriptions provided do not sufficiently demonstrate what tasks are performed by the beneficiary on a day-to-day basis," and that plaintiffs "did not provide sufficient objective evidence to demonstrate how the beneficiary performs duties which fulfill the criteria of an executive capacity position." Id. at 80–81. Additionally, USCIS found that the job duties contained generic descriptions, and that certain representations contained inconsistences, such as the petition's claim that Martirosyan oversaw an "in-house marketing team" but "did not provide sufficient documentary evidence of such a team, nor of the beneficiary's oversight of this team's work." Id.

Similarly, with respect to Martirosyan's proposed employment in the United States, USCIS listed the evidence submitted by plaintiffs and the descriptions of the proposed job duties, finding that plaintiffs "have not sufficiently explained or provided documentary evidence to establish that the beneficiary will direct the management of your organization" and that the current and proposed business plan of the U.S. subsidiary "suggests that the current staffing of the petitioning entity is not sufficient to support a primarily executive position." Id. at 85–86.

Plaintiffs appealed the denial to the Administrative Appeals Office ("AAO") on April 30, 2020, and the AAO dismissed the appeal on February 25, 2021. Id. at 9–16.

Following plaintiffs' filing of the instant lawsuit, USCIS withdrew the AAO decision and reopened plaintiffs' petition for reconsideration on September 3, 2021.

---

[1] The first two bases for denial of the petition are not addressed by the parties in the instant briefing and were not part of the agency's second denial upon reopening and reexamining plaintiffs' petition in April 2022, so the Court does not address them in this order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|----------|------------------------|------|-------------------|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

On October 20, 2021, USCIS issued a second RFE to plaintiffs seeking additional evidence that Martirosyan's prior and proposed day-to-day job duties would be executive in nature and that the foreign and domestic companies were large enough for him to be employed in a primarily executive position. Id. at 2278–87. Plaintiffs responded to the second RFE on February 14, 2022, with additional exhibits, including several expert opinion letters. Id. at 2288–2607.

On April 4, 2022, USCIS again denied plaintiffs' I-129 petition. The agency based its denial on the two grounds that there was insufficient evidence to establish that Martirosyan was employed abroad in a position that primarily executive, and that there was insufficient evidence to establish that Martirosyan's proposed job duties in the United States would primarily executive. Id. at 596–609.

As to Martirosyan's prior foreign employment, USCIS listed the evidence provided by plaintiffs' petition, response to the first RFE, and response to the second RFE. Id. at 598–600. Specifically, USCIS listed Martirosyan's job duties and found that they were too generic to establish his position as executive in nature and "more indicative of an employee who performed the necessary tasks to provide a service or to produce a product." Id. at 599–601. It then noted various departments, teams, and positions that the petition stated Martirosyan managed or supervised but according to USCIS appeared inconsistently filled based on other documentary evidence or the lack thereof. Id. at 601–603. Additionally, USCIS found that plaintiffs' petition "did not include documentary evidence of the short and long-term goals the beneficiary prepared and implemented, the strategic decisions made, and the management or function directed." Id. at 601. USCIS concluded that "the evidence must demonstrate that the duties of the beneficiary and the duties of his subordinates correspond to their placement in an organization's structural hierarchies, thereby demonstrating that the beneficiary was sufficiently elevated to occupy an executive role." Id. at 603. The agency found that plaintiffs did not meet this burden.

Finally, as to Martirosyan's proposed domestic employment, USCIS first described the prior record of requests and decisions, and then listed the evidence provided by plaintiffs' petition, response to the first RFE, and response to the second RFE. Id. at 604–06. As with the prior section, USCIS listed Martirosyan's proposed job duties and found that they were too generic to establish his position as executive in nature and "more indicative of an employee who performed the necessary tasks to provide a service or to produce a product." Id. at 605–07. Additionally, USCIS notes several

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|----------|------------------------|------|-------------------|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

inconsistences throughout plaintiffs' evidence, such as references to entire teams or "subordinate managers" within plaintiff FL PCM that do not appear to exist in other documents. Id. at 607. The agency explained that "discrepancies encountered in the evidence call into question the petitioner's ability to document the requirements under the statute and regulations, and it is incumbent on the petitioner to resolve any inconsistencies in the record by independent objective evidence." Id. at 608. The USCIS concluded that plaintiffs "have not sufficiently explained or provided evidence to demonstrate how the U.S. organization is managed or structured in order to establish that the beneficiary primarily focuses on the broad goals and policies, rather than the day-to-day operations" which are not considered executive or managerial. Id. at 609.

## III.  LEGAL STANDARD

### A.  Summary Judgment

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | | Date | December 19, 2022 |
|---|---|---|---|---|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | | |

inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

**B.     APA Standard of Review**

Under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) (the "APA"), a court shall hold unlawful and set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." A court is not empowered by section 706(2)(A) to substitute its judgment for that of the administrative agency. Nw. Motorcycle Ass'n v. U.S. Dept. of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994). A court may reverse an agency decision under the arbitrary and capricious standard "only if the agency relied on factors Congress did not intend it to consider, entirely failed to consider an important aspect of the problem, or offered an explanation that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Greater Yellowstone Coalition v. Lewis, 628 F.3d 1143, 1148 (9th Cir. 2010) (internal citations omitted).

For purposes of APA review, the agency's factual findings are reviewed for substantial evidence, and the Court will not disturb the agency's findings unless the "evidence presented would compel a reasonable finder of fact to reach a contrary result." Family Inc. v. USCIS, 469 F.3d 1313, 1316 (9th Cir. 2006). Moreover, an entity seeking an immigration benefit bears the burden of establishing that the beneficiary qualifies for the immigration benefit sought and to resolve any inconsistencies in its petition. See Matter of Ho, 19 I & N Dec. 582, 591 (BIA 1988). When reviewing a final agency action, the district court sits as an appellate tribunal and must determine "as a matter of law if the evidence in the administrative record permitted the agency to make the decision it did. Rhoads v. U.S. Dept of Veterans Affs., 242 F. Supp. 3d 985, 990 (E.D. Cal. 2017) (quoting Occidental Eng'g Co. v. I.N.S., 753 F. 2d at 769).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|---|---|---|---|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

## IV.   DISCUSSION

The issue before the Court is whether the USCIS's decision to deny plaintiffs' Form I-129 Petition was arbitrary and capricious. The Court examines the agency's two distinct findings to determine if each was supported by substantial evidence. The Court reviews USCIS's findings that (1) plaintiffs had not established that Martirosyan's foreign employment was primarily managerial or executive, and (2) plaintiffs had not established that Martirosyan's proposed domestic employment was primarily managerial or executive. The Court reviews each finding of the USCIS in turn.

### A.   Executive or Managerial Capacity in Martirosyan's Foreign Employment

First, the Court examines USCIS's finding that plaintiffs did not establish Martirosyan was previously employed abroad in a position that was primarily managerial or executive under 8 C.F.R. § 214.2(1)(3)(ii).

Plaintiffs argue that USCIS "misstated" Martirosyan's duties as CEO of the Canadian companies when it found that certain job duties were not executive in nature and instead "indicative of an employee who performed the necessary tasks to provide a service or to produce a product."[2] Mot. at 9–10. Additionally, plaintiffs contend that the agency "selectively and narrowly cited to Plaintiffs' evidence, when it claimed that he submitted insufficient evidence." Id. at 10–11. Specifically, plaintiffs argue that USCIS entirely "ignore[d]" evidence in the record to substantiate Martirosyan's daily qualifying executive duties in Canada, such as corporate and expert opinion letters submitted by plaintiffs during the administrative proceedings. See id. at 11–12. Additionally,

---

[2] According to plaintiffs, these mischaracterized job duties included "[o]verseeing reporting and analysis of the real estate market trends, broken down by area and locations . . . [m]anaging relationships with partners and vendors, serving as the face of the company regularly meeting to ensure the business continues to grown based on these strong partnerships, . . . [and o]verseeing the process of choosing contractors, service providers, architects, legal counsel, estate brokerages, loan brokers, professionals and others." Mot. at 10 (citing CAR at 600–01). However, as described below, these are the types of job descriptions USCIS may reasonably determine to be insufficiently managerial or executive in nature. See, e.g., Wei Lai, 2021 WL 4816869, at *3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|---|---|---|---|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

plaintiffs contend that USCIS unreasonably found aspects of plaintiffs' documentation to "inconsistent or confusing." Id.

In opposition, defendants argue that the denial decision and the two RFEs "noted that the provided descriptions of Martirosyan's job duties were insufficiently detailed." Opp. at 8. Defendants note that although plaintiffs "submitted multiple percentage breakdowns of Martirosyan's duties, these breakdowns both rely on generic, non-specific language" that "do not provide specific information of his daily duties." Id. at 9. Defendants contend that USCIS "is not compelled to conclude Martirosyan was an executive simply because of his CEO title or the provided descriptions of his duties," citing to cases within this district "rejecting descriptions as insufficient where they 'fail[] to include a description of how, when, where and with whom these duties occurred.' " Id. (quoting Fu v. Wolf, No. 2:20-cv-11636-CAS (JEMx), 2021 WL 6104795, at *11 (C.D. Cal. Dec. 6, 2021)); see also id. (citing Wei Lai Dev., LLC v. USCIS, No. 2:21-cv-04611-SVW-KS, 2021 WL 4816869, at *3 (C.D. Cal. July 30, 2021)). Additionally, defendants argue that the agency "correctly considered that it could not rely on Plaintiffs' descriptions of the job duties that contradicted the documentary evidence" and reasonably interpreted other instances of evidentiary inconsistences to help conclude that plaintiffs' petition failed to sufficiently demonstrate that Martirosyan's primary job duties abroad had been managerial or executive. See id. at 10–12.

In reply, plaintiffs distinguish their own petition from those in defendants' cited cases. For instance, while in Wei Lai, the court found that the four job duties listed included one generic job duty accounting for 50% of the plaintiff's work, here the petition included as many as 19 varied job duties. Reply at 13. Additionally, plaintiffs distinguish their circumstances from that analyzed in this Court's order in Fu, explaining here that plaintiffs have more sufficient documentary evidence of Martirosyan's executive functions. Reply at 10. Moreover, plaintiffs argue that USCIS misunderstands the submitted evidence which it has repeatedly labelled as inconsistent. Reply at 18.[3]

---

[3] Specifically, USCIS had determined that supporting documentation in plaintiffs' petition to be inconsistent, where plaintiffs had represented that Martirosyan supervised or managed positions, including a Medical Director and unfilled department heads, that USCIS found to be unfilled positions based on other evidence in the record. See Opp. at 11 (citing CAR at 601, 2484–88, 2502). In their briefing for the instant motion, plaintiffs argue that the evidence "clearly explained" that those positions were filled by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|---|---|---|---|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

In their surreply brief, defendants argue that plaintiffs' attempts to distinguish their petition from those in Wei Lai and Fu are unavailing. For instance, defendants argue that it is irrelevant that "Martirosyan broke down his list into more job duties than the beneficiary in Wei Lai" because "those duties continue to rely on generic language" that the USCIS is not compelled to accept as providing a sufficient determination of a petitioner's executive or managerial job position. Surreply at 3. According to defendants, plaintiffs "fail[] to point to evidence that USCIS ignored; they simply dislike how USCIS weighed the evidence and are asking this Court to substitute its judgment for the agency's, which is not permitted on APA review." Id. at 6 (citing Judulang v. Holder, 565 U.S. 42, 52–53 (2011)).

The Court concludes that the USCIS based its findings on substantial evidence in the record. As defendants argue, and plaintiffs do not meaningfully rebut, it is well established within the Ninth Circuit and this district that the USCIS is afforded latitude when evaluating L-1A visa petitions to determine whether the beneficiary's prior and proposed job position meets the managerial or executive requirements of 8 C.F.R. § 214.2(1)(3)(ii). Accordingly, "USCIS may properly deny a petition where the evidence presented does not support the conclusion that the transferee 'could devote his primary attention to managerial duties as opposed to operational ones,' regardless of the formal position the transferee occupies on an organizational chart or the transferee's job description." Wei Lai, 2021 WL 4816869, at *2 (quoting Brazil Quality Stones, Inc. v. Chertoff, 531 F.3d 1063, 1070 (9th Cir. 2008)). As part of this evaluation, USCIS may determine that a job description is too " 'general' and 'not detailed enough' . . . when petitioner did not offer concrete evidence in support of his contentions and failed to include a description of how, when, where, and with whom these duties occurred." Fu v. Wolf, 2021 WL 6104795, at *11 (citing Matter of Church Scientology Int'l, 19 I & N Dec. 593, 604 (BIA 1988); Fedin Bros. Co. Ltd v. Sava, 724 F. Supp 1103, 1108 (E.D.N.Y. 1989)). USCIS may reasonably conclude that the duties of "[o]verse[ing] the entire real estate development process . . . reflect[] operational work." Wei Lai, 2021 WL 4816869, at *3. It has also long been permitted to take into account "an organization's

---

independent contractors. See Mot. at 14–15. According to plaintiffs, evidence of these positions being filled was provided with their response to the agency's second RFE. Reply at 18. Defendants respond that, contrary to plaintiffs assertions, these explanations were in fact only brought up in the instant briefing and not in plaintiffs' response to the second RFE. Surreply at 5–6; CAR at 2485.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|----------|------------------------|------|-------------------|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

small size as one factor in assessing whether its operations are substantial enough to support a manager." Fam. Inc. v. U.S. Citizenship & Immigr. Servs., 469 F.3d 1313, 1316 (9th Cir. 2006).

Here, USCIS provided sufficient rationales for its basis to deny plaintiffs' petition, using the permitted methods described above to "dr[a]w reasonable inferences from the record (and from the absence of evidence)" to "support its conclusion." Wei Lai, 2021 WL 4816869, at *5; see also VHV Jewelers, LLC v. Wolf, 17 F.4th 109, 116 (11th Cir. 2021) (USCIS' "reliance on [an L-1 petition's] inconsistencies in its decision-making was not arbitrary and capricious"). As described above, in its two denials and two RFEs, USCIS provided several explanations as to why plaintiffs' petition failed to demonstrate Martirosyan's foreign employment was primarily executive or managerial in nature. USCIS considered and evaluated the evidence supplied by plaintiffs over three separate occasions, any meaningful lack of evidence, and material inconsistences and gaps. In doing so, USCIS found that the job "descriptions provided do not sufficiently demonstrate what tasks are performed by the beneficiary on a day-to-day basis," and that the petition "did not provide sufficient objective evidence to demonstrate how the beneficiary performs duties which fulfill the criteria of an executive capacity position." CAR at 80–81. Additionally, USCIS found that the job duties contained generic descriptions, and certain representations contained inconsistences, such as the petition's claim that Martirosyan oversaw an "in-house marketing team" but "did not provide sufficient documentary evidence of such a team, nor of the beneficiary's oversight of this team's work." Id. USCIS concluded that "the evidence must demonstrate that the duties of the beneficiary and the duties of his subordinates correspond to their placement in an organization's structural hierarchies, thereby demonstrating that the beneficiary was sufficiently elevated to occupy an executive role." Id. at 603. The agency found that plaintiffs did not meet this burden.

Ultimately, it is insufficient for plaintiffs to raise points suggesting that USCIS could have relied on the evidence in the record to approve the petition.[4] Rather, under the

---

[4] At oral argument, counsel for plaintiffs emphasized that it was unreasonable for USCIS to deny plaintiffs' petition on its findings that the Canadian companies were too small in size to support Martirosyan's employment as a manager or executive. In particular, plaintiffs noted that other USCIS decisions have approved petitions involving similarly-sized companies. However, while reasonable minds may differ as to whether to approve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|---|---|---|---|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

standard of review required pursuant to the APA,  a court "will not disturb the agency's findings . . . unless the evidence presented would compel a reasonable finder of fact to reach a contrary result."  Family Inc., 469 F.3d at 1316.  Nothing about the evidence in the record compels a conclusion that it was arbitrary or capricious for USCIS to deny plaintiffs' petition.  On the contrary, in light of the applicable statutes, regulations, and case law, USCIS reasonably found that the petition did not sufficiently demonstrate that Martirosyan met the requirements of INA §101(a)(15)(L) and 8 C.F.R. § 214.2(l)(l)(ii).

   **B.     Executive or Managerial Capacity in Martirosyan's Proposed Domestic Employment**

   Second, the Court examines USCIS's finding that plaintiffs did not establish Martirosyan's proposed job duties in the United States would be primarily managerial or executive under 8 C.F.R. § 214.2(1)(3)(ii).  Although a discussion of this finding is unnecessary to deny summary judgment because the Court already found the agency's first basis for denying the petition was not arbitrary and capricious, see Impetus Tech., Inc v. Baran, 440 F. Supp. 3d 1095, 1101 (C.D. Cal. 2020), the Court reviews the USCIS's finding here for the sake of completeness.

   Similar to the arguments in the prior section, plaintiffs contend that USCIS "misstated" the evidence in the record providing a list of Martirosyan's proposed job duties in the United States when it found that certain job duties were not executive in nature and instead "indicative of an employee who performed the necessary tasks to provide a service or to produce a product."[5]  Mot. at 12–13.  Additionally, plaintiffs argue

---

or grant the instant petition, plaintiffs have not made a showing that defendants acted arbitrarily or capriciously in denying the petition as required under the applicable standard of review.  As counsel for defendants explained, the agency considered the size as one of many factors, and it issued its denial on other bases independent of the overall size of the Canadian companies.  Moreover, USCIS also based its denial on the petition's insufficient showing with respect to the executive or managerial capacity of Martirosyan's proposed employment in the United States, as discussed below in Part IV.B. See Impetus Tech., Inc, 440 F. Supp. 3d at 1101 (even if only one of the bases upon which USCIS denied a petition satisfies the APA, the decision must still be sustained).

[5] According to plaintiffs, these mischaracterized job duties included "Personally participating in escrow closings, executing all legally binding contracts and documents as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                '**O**'

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|----------|------------------------|------|-------------------|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

that USCIS "ignored competent evidence in the record," including corporate documentation and expert opinion letters relating to Martirosyan's proposed job duties in the United States. Id. at 13–14.

In opposition, defendants argue that plaintiffs provided insufficient and inconsistent evidence showing that the Martirosyan's anticipated duties upon transfer to the domestic company would be managerial or executive in nature. Specifically, defendants argue that USCIS was reasonable in relying on the evidentiary evidence containing inconsistencies regarding the domestic company's employees, the overall small size of the domestic company, and generic descriptions of proposed job duties to conclude that Martirosyan would primarily perform nonqualifying day-to-day "operational" tasks. Opp. at 12–14.

In reply, plaintiffs claim that defendants selectively cite to "only 20% of the total duties provided" in the petition and improperly characterize them as non-executive in nature. Reply at 24. Additionally, plaintiffs point out that the section of the agency's denial focused on Martirosyan's proposed job duties in the United States cited to evidence bearing on his past duties in Canada, which according to plaintiffs should raise doubt as to whether the "adjudicator was confused" and "whether [the denial] was thoughtfully written." Id. at 23.

In their surreply brief, defendants argue that—contrary to plaintiffs' assertions that USCIS "confused[ly]" cited to irrelevant evidence submitted by plaintiffs—USCIS included a list "compris[ing] all the evidence plaintiffs described under the categories of Martirosyan's 'executive position abroad and in the United States as well as the organizational structure of the United Stated entity.' " Surreply at 7 (citing CAR at 2318–19) (internal formatting changed). Consequently, defendants state, the "denial decision simply noted all the evidence Plaintiffs submitted." Id.; see also Opp. at 10 ("[T]his court generally presumes that the [agency] thoroughly considers all relevant

---

required by the Operating Agreement . . . Setting goals and overseeing implementation of marketing initiatives to promote company projects, managing work of teams of real estate agents and brokers . . . Devising acquisition, financing and development strategies, identify and undertake research for evaluating potential targets and markets . . . [and] Engaging with outside legal teams, IT and compliance professionals to supervise and coordinate their efforts and oversee results." Mot. at 12–13 (citing CAR at 606–07).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**              **'O'**

| Case No. | 2:21-cv-04136-CAS-DFMx | Date | December 19, 2022 |
|----------|------------------------|------|-------------------|
| Title | FL PCM HOLDING LLC ET AL. v. DONNA P. CAMPAGNOLO ET AL. | | |

evidence in the record.") (quoting <u>Szonyi v. Whitaker</u>, 915 F.3d 1228, 1238 (9th Cir.), <u>opinion amended</u>, 942 F.3d 874 (9th Cir. 2019)).

Again, the Court concludes that USCIS based its findings with respect to Martirosyan's proposed domestic employment on substantial evidence in the record. Plaintiffs' argument emphasizes that USCIS "misstated" or "ignored" the evidence in the record to reach its conclusion denying plaintiffs' petition. However, it is clear throughout USCIS' two denials and two RFEs that it did "thoroughly consider[] all relevant evidence," <u>Szonyi v. Whitaker</u>, 915 F.3d at 1238. This Court may not substitute its judgment for that of the agency," including here how USCIS chose to weigh and evaluate the evidence in the record along with documentary inconsistencies and gaps. <u>Judulang v. Holder</u>, 565 U.S. 42, 52–53 (2011). In other words, plaintiffs' motion for summary judgment does not demonstrate that the "agency entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." <u>Innova Sols., Inc. v. Baran</u>, 983 F.3d 428, 431 (9th Cir. 2020).

**V.     CONCLUSION**

In accordance with the foregoing, the Court **DENIES** plaintiffs' motion for summary judgment and **DIRECTS JUDGMENT BE ENTERED IN FAVOR OF DEFENDANTS**.

IT IS SO ORDERED.

|  | 00 | : | 12 |
|--|----|---|----|
| Initials of Preparer | | CMJ | |